## THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| MASIEL RODRIGUEZ, on behalf of himself, and all others similarly situated, | ) ) | |
| | ) | No. 23-CV-00927 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| TRP ACQUISITION, INC. & ROZLIN FINANCIAL GROUP, INC. | ) ) | |
| | ) | |
| Defendants. | ) | |
| THE ROOMPLACE FURNITURE AND MATTRESS LLC, an Illinois limited liability company, | ) ) ) | |
| | ) | |
| Counter-Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MASIEL RODRIGUEZ, | ) | |
| | ) | |
| Counter-Defendant. | ) | |

## DEFENDANTS TRP ACQUISITION, INC.'S
## AMENDED ANSWER, AFFIRMATIVE DEFENSES
## AND COUNTERCLAIM TO CLASS ACTION COMPLAINT

Defendant The RoomPlace Furniture and Mattress LLC improperly named as TRP Acquisition, Inc. ("TRP"), by its attorneys, Thompson Coburn LLP, for its Amended Answer, Affirmative Defenses and Counterclaim to Plaintiff's Class Action Complaint ("Complaint"), states as follows:

## NATURE OF THE CASE

1.      The FDCPA is a broad, remedial statute that prohibits unfair or unconscionable collection methods, conduct which harasses or abuses any debtor, and the use of any false or deceptive statements in connection with debt collection attempts.

**ANSWER:** Paragraph 1 contains legal conclusions for which no answer is required. To the extent an answer is required, TRP denies all allegations in Paragraph 1 that are inconsistent with the text of the FDCPA.

2.      In enacting the FDCPA, Congress found that: "Where is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. §1692(a).

**ANSWER:** Paragraph 2 contains legal conclusions for which no answer is required. To the extent an answer is required, TRP denies that Plaintiff has correctly cited 15 U.S.C. § 1692(a) and denies all allegations that are inconsistent with the text of 15 U.S.C. § 1692(a).

3.      Moreover, Congress has explicitly described the FDCPA as regulating "abusive practices" in debt collection. 15 U.S.C. §§ 1692(a) — 1692(e). Any person who receives a debt collection letter containing a violation of the FDCPA is a victim of abusive practices. *See 15 U.S.C. §§* 1692(e) ("It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses").

**ANSWER:** Paragraph 3 contains legal conclusions for which no answer is required. To the extent an answer is required, TRP denies that Plaintiff has correctly cited all of the provisions in 15 U.S.C. § 1692(a)-(e) and denies all allegations that are inconsistent with the text of 15 U.S.C. § 1692(a)-(e).

4.      To this end, the FDCPA encourages consumers to act as "private attorneys general" to enforce the public policies and protect the civil rights expressed therein. *Crabill v. Trans Union, LLC*, 259 F.3d 662, 666 (7th Cir. 2001).

2

**ANSWER:**     Paragraph 4 contains legal conclusions for which no answer is required.  To the extent an answer is required, TRP denies the allegations and that the facts and law in *Crabill v. Trans Union LLC*, 259 F.3d 662, 666 (7th Cir. 2001) apply to this matter.

5.     Because of this, courts have held that "the FDCPA's legislative intent emphasizes the need to construe the statute broadly, so that we may protect consumers against debt collectors' harassing conduct" and that "[t]his intent cannot be underestimated." *Ramirez v. Apex Financial Management LLC*, 567 F. Supp. 2d 1035, 1042 (N.D. Ill. 2008).

**ANSWER:**     Paragraph 5 contains legal conclusions for which no answer is required.  To the extent an answer is required, TRP denies the allegations and that the facts and law in *Ramirez v. Apex Financial Management LLC*, 567 F. Supp.2d 1035, 1042 (N.D. Ill. 2008) apply to this matter.

6.     Plaintiff seeks to enforce those policies and civil rights which are expressed through the FDCPA, 15 U.S.C. § 1692 *et seq.*

**ANSWER:**     TRP admits that Plaintiff brings this action under FDCPA, 15 U.S.C. §1692 *et seq*. and denies that Plaintiff is entitled to such a remedy against TRP.

7.     ICFA "is a regulatory and remedial statute intended to protect consumers, borrowers, and business persons against fraud, unfair methods of competition, and other unfair and deceptive business practices." *Robinson v. Toyota Motor Credit Corp.,* 201 Ill. 2d 403, 416-17 (2002).

**ANSWER:**     Paragraph 7 contains legal conclusions for which no answer is required.  To the extent an answer is required, TRP denies the allegations and that the facts and law in *Robinson v. Toyota Motor Credit Corp.*, 201 Ill.2d 403, 416-17 (2002) apply to this matter.

8.     ICFA provides redress for conduct that is either deceptive or unfair. *Id.* at 417.

**ANSWER:** Paragraph 8 contains legal conclusions for which no answer is required. To the extent an answer is required, TRP denies the allegations and that that the facts and law in *Robinson v. Toyota Motor Credit Corp.*, 201 Ill.2d 403, 416-17 (2002) apply to this matter.

### JURISDICTION AND VENUE

9. "An action to enforce any liability created by [the FDCPA] may be brought in any appropriate United States district court without regard to the amount in controversy, or **in any other court of competent jurisdiction**, within one year from the date on which the violation occurs." 15 U.S.C. § 1692k(d) (emphasis added).

**ANSWER:** Paragraph 9 contains legal conclusions for which no answer is required. To the extent an answer is required, TRP states that the allegations in Paragraph 9 purport to quote, characterize and/or reference 15 U.S.C. § 1692k(d). TRP states that 15 U.S.C. § 1692k(d)'s provisions speak for themselves and are the best evidence of their contents. TRP denies all allegations in Paragraph 9 that are inconsistent with 15 U.S.C. § 1692k(d). TRP further denies that Plaintiff is entitled to an action under the FDCPA against TRP.

10. Jurisdiction over Defendant is proper under 735 ILCS 5/2-209(a)(1) (transaction of any business within this State), section 2-209(b)(4) (corporation doing business within this State), and section 2-209(c) (any other basis now or hereafter permitted by the Illinois Constitution and the Constitution of the United States).

**ANSWER:** TRP admits the allegations in Paragraph 10.

11. The Defendant Rozlin Financial Group, Inc. collects debts from consumers in Illinois.

**ANSWER:** TRP lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 11 and, therefore, denies the allegations.

4

12. The Defendant TRP Acquisition, Inc. d/b/a The Room Place Furniture & Mattress LLC. ("TRPA") regularly conducts business selling products to consumers at retail locations within Illinois and Cook County as well as online through their website.

**ANSWER:** TRP admits the allegations in Paragraph 12.

13. Venue is proper in this County pursuant to 735 ILCS 5/2-101, because this is the county in which the transactions and occurrences at issue, or some part thereof, occurred. In addition, Defendant regularly does business in this County.

**ANSWER:** TRP lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 13 as they apply to Defendant Rozlin Financial Group, Inc. and admits the remaining allegations in Paragraph 13.

14. Pursuant to General Order No. 1.2 of the Circuit Court of Cook County, this action is properly before the Chancery Division of the County Department because it is a putative Class Action.

**ANSWER:** Paragraph 14 contains legal conclusions for which no answer is required. To the extent an answer is required, TRP denies the allegations in Paragraph 14.

**PARTIES**

15. Plaintiff is a resident of the State of Illinois, from whom Rozlin Financial Group, Inc. attempted to collect a consumer debt allegedly owed for a defaulted account with TRP Acquisition Inc.

**ANSWER:** TRP admits that Plaintiff defaulted on its account with TRP. TRP lacks sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 15 and, therefore, denies those allegations.

16.     Plaintiff is thus a consumer as that term is defined in 15 U.S.C. § 1692a(3) of the FDCPA.

**ANSWER:**     Paragraph 16 contains legal conclusions for which no answer is required. To the extent an answer is required, TRP lacks sufficient knowledge or information regarding the truth or falsity of the allegations in Paragraph 16 and, therefore, denies the allegations.

17.     Defendant TRP Acquisition, Inc. d/b/a The Room Place Furniture & Mattress LLC. ("TRPA") is an Illinois limited liability corporation that does or transacts business in Illinois. Their registered agent is Cogency Global, Inc, located at 600 South Second Street, Suite 404, Springfield, Illinois 62704.

**ANSWER:**     TRP admits that Cogency Global, Inc. located at 600 South Second Street, Suite 404, Springfield, Illinois 62704 is its registered agent and denies the remaining allegations in Paragraph 17.

18.     Defendant Rozlin Financial Group, Inc. ("Rozlin" together with "TRPA", "Defendants") is an Illinois limited liability corporation that does or transacts business in Illinois. Their registered agent is Jason T. Roozee, located at 1628 DeKalb Ave, Sycamore, Illinois 60178.

**ANSWER:**     TRP lacks sufficient knowledge or information regarding the truth or falsity of the allegations in Paragraph 18 and, therefore, denies the allegations.

19.     Rozlin is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

**ANSWER:**     TRP lacks sufficient knowledge or information regarding the truth or falsity of the allegations in Paragraph 19 and, therefore, denies the allegations.

29928935.2

20. Rozlin regularly collects or attempts to collect defaulted consumer debts due or asserted to be due another, and is a "debt collector" as defined in 15 U.S.C. § 1692a(6) of the FDCPA.

**ANSWER:** Paragraph 20 contains legal conclusions for which no answer is required. To the extent an answer is required, TRP lacks sufficient knowledge or information regarding the truth or falsity of the allegations in Paragraph 20 and, therefore, denies the allegations.

## FACTUAL ALLEGATIONS

21. Plaintiff purchased a bedroom furniture set from TRPA, creating a debt (the "Account)"

**ANSWER:** TRP admits the allegations in Paragraph 21.

22. Plaintiff received some items from the set, but the bedframe, among other pieces, never arrived.

**ANSWER:** TRP admits that Plaintiff received some bedroom furniture set, but not the entire set.

23. Plaintiff eventually canceled the order due as TRPA never delivered the rest of the set.

**ANSWER:** TRP denies the allegations in Paragraph 23.

24. TRPA accepted the cancelation and picked up the items which had been delivered, which included a mattress.

**ANSWER:** TRP denies the allegations in Paragraph 24.

25. However, TRPA then sent the Account to collections regardless even though the order had been cancelled and Plaintiff owed no money.

**ANSWER:** TRP admits that it sent the Account to collections, but denies the remaining allegations in Paragraph 25.

26. TRPA subsequently contracted with Rozlin to collect on the Account.

**ANSWER:** TRP admits the allegations in Paragraph 26.

27. On or about June 14, 2022, Rozlin sent a collection Letter (the "Letter") to Plaintiff in an attempt to collect the Account from Plaintiff (Exhibit A, Collection Letter).

**ANSWER:** TRP admits that a document dated June 16, 2022 and purportedly addressed to Plaintiff is attached as Exhibit A to the Complaint. TRP lacks sufficient knowledge or information to form a belief regarding the truth or falsity of the remaining allegations in Paragraph 27 and, therefore, denies the allegations.

28. The Letter bears markings that are characteristic of ones generated by a letter vendor, including numbers and barcodes around the edges of the Letter.

**ANSWER:** TRP lacks sufficient knowledge or information to form a belief regarding the truth or falsity of the remaining allegations in Paragraph 28 and, therefore, denies the allegations.

29. On information and belief, these markings are used to identify the letter template and client being serviced by the letter vendor.

**ANSWER:** TRP lacks sufficient knowledge or information to form a belief regarding the truth or falsity of the allegations in Paragraph 29 and, therefore, denies the allegations.

30. To have the letter vendor send Plaintiff the Letter, Defendant had to furnish the vendor with Plaintiff's name and address, the status of Plaintiff as a debtor, details of Plaintiff's account, and other personal information.

**ANSWER:**     TRP lacks sufficient knowledge or information to form a belief regarding the truth or falsity of the allegations in Paragraph 30 and, therefore, denies the allegations.

31.     The letter vendor then populated some or all of this information into a prewritten template, which was printed and mailed to Plaintiff on behalf of Rozlin.

**ANSWER:**     TRP lacks sufficient knowledge or information to form a belief regarding the truth or falsity of the allegations in Paragraph 31 and, therefore, denies the allegations.

32.     Rozlin's communication to the letter vendor was in connection with the collection of a debt since it involved disclosure of the Account to a third party with the objective being communication with and motivation of Plaintiff to pay the Account.

**ANSWER:**     TRP lacks sufficient knowledge or information to form a belief regarding the truth or falsity of the allegations in Paragraph 32 and, therefore, denies the allegations.

33.     Plaintiff did not consent to having his personal and confidential information, concerning the Account or otherwise, shared with anyone else.

**ANSWER:**     TRP denies the allegations in Paragraph 33.

34.     In limiting disclosures to third parties, the FCDPA states, at 15 U.S.C. §1692c(b):

**Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector... a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.**

**ANSWER:**     TRP states that the allegations in Paragraph 34 purport to quote, characterize, and/or reference portions of 15 U.S.C. § 1692c(b).  TRP states that 15 U.S.C. § 1692c(b)'s provisions speak for themselves and is the best evidence of their contents.  TRP denies all allegations in Paragraph 34 that are inconsistent with 15 U.S.C. § 1692c(b)'s text.

35. Section 1692b allows debt collectors to communicate with third parties only for the purpose of acquiring "location information" regarding the debtor, and then only if they do not state that the consumer owes any debt.

**ANSWER:** TRP states that the allegations in Paragraph 35 purport to quote, characterize, and/or reference portions of 15 U.S.C. § 1692b. TRP states that 15 U.S.C. § 1692b's provisions speak for themselves and is the best evidence of their contents. TRP denies all allegations in Paragraph 35 that are inconsistent with 15 U.S.C. § 1692b's text.

36. The mass-mail vender used by Rozlin as part of its debt collection effort against Plaintiff does not fall within any permitted exception provided for in 15 U.S.C. §1692c(b).

**ANSWER:** TRP lacks sufficient knowledge or information to form a belief regarding the truth or falsity of the allegations in Paragraph 36 and, therefore, denies the allegations.

37. If a debt collector "conveys information regarding the debt to a third party informs the third party that the debt exists or provides information about the details of the debt, then the debtor may well be harmed by the spread of this information." *Brown v. Van Ru Credit Corp.,* 804 F.3d 740, 743 (6th Cir. 2015).

**ANSWER:** Paragraph 37 contains legal conclusions for which no answer is required. To the extent an answer is required, TRP denies that that the facts and law in *Brown v. Van Ru Credit Corp*., 804 F.3d 740, 743 (6th Cir. 2015) apply to this matter.

38. Plaintiff's privacy was invaded when Rozlin communicated with the third-party letter vendor in connection with the collection of a debt. The letter vendor learned that Plaintiff owed a consumer credit debt, to whom the debt was owed, the age of the debt, and the amount of the debt. The letter vendor also learned the address of the Plaintiff.

**ANSWER:** TRP denies that Plaintiff's privacy was invaded and lacks sufficient knowledge or information to form a belief regarding the truth or falsity of the remaining allegations in Paragraph 38 and, therefore, denies the allegations.

39. The Letter lists an amount owed of $1,452, apparently the cost of the mattress.

**ANSWER:** TRP admits that the document attached to the Complaint as Exhibit A shows that $1,452 is owed from Plaintiff and that Plaintiff has not paid for the mattress, among other items, that he received and kept.

40. After Plaintiff received the Letter he called TRPA, who stated that mattresses are not returnable.

**ANSWER:** TRP admits that Plaintiff contacted TRP and was told, repeatedly, that mattresses, among other items, are not returnable but lacks knowledge or information to form a belief regarding the truth or falsity of the remaining allegations in Paragraph 40.

41. Plaintiff stated that the Mattress had been unused and was not a return, but a cancelation since the bed frame had never arrived.

**ANSWER:** TRP admits that the bed frame was never delivered to Plaintiff. TRP denies the remaining allegations in paragraph 41.

42. The FDCPA prohibits the misrepresentation of debts.

**ANSWER:** Paragraph 42 contains legal conclusions for which no answer is required. To the extent an answer is required, TRP states that the allegations in Paragraph 42 purport to quote, characterize, and/or reference portions of the FDCPA. TRP states that the provisions in the FDCPA speak for themselves and are the best evidence of their contents. TRP denies all allegations in Paragraph 42 that are inconsistent with the text of the FDCPA.

43.     15 U.S.C. § 1692e of the FDCPA provides as follows: **False or misleading representations**

> A debt collector may not use any false, deceptive, or misleading representations or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> ... (2) The false representation of—
>
>     (A)the character, amount, or legal status of any debt; ...

**ANSWER:**     TRP states that the allegations in Paragraph 43 state a legal conclusion to which no answer is required.  TRP further states that the allegations in Paragraph 43 purport to quote, characterize, and/or reference portions of 15 U.S.C. § 1692e.  TRP states that 15 U.S.C. § 1692e's provisions speak for themselves and are the best evidence of their contents.  TRP denies all allegations in Paragraph 43 that are inconsistent with 15 U.S.C. § 1692e's text.

44.     Thus, the representation of a debt when the order had been canceled and all items returned violated § 1692e(2)(A).

**ANSWER:**     TRP states that the allegations in Paragraph 44 state a legal conclusion to which no answer is required.  To the extent and answer is required, TRP states that the allegations in Paragraph 44 purport to quote, characterize, and/or reference portions of 15 U.S.C. § 1692e(2)(A).  TRP states that 15 U.S.C. § 1692e(2)(A)'s provisions speak for themselves and are the best evidence of their contents.  TRP denies all allegations in Paragraph 44 that are inconsistent with 15 U.S.C. § 1692e(2)(A)'s text.  TRP further denies that the mattress order was cancelled and that the mattress was returned.

45.     Rozlin misrepresented the legal status of a debt, in violation of 15 U.S.C. §1692e(2)(A), when they attempted to collect a debt from Plaintiff for a mattress which they took possession of on an order which was canceled.

12

**ANSWER:**    TRP denies the allegations in Paragraph 45.

46.    15 U.S.C. § 1692f of the FDCPA provides as follows:

**Unfair practices**

**A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.**

**ANSWER:**    TRP states that the allegations in Paragraph 46 purport to quote, characterize, and/or reference portions of 15 U.S.C. § 1692f.  TRP states that 15 U.S.C. § 1692f's provisions speak for themselves and are the best evidence of their contents.  TRP denies all allegations in Paragraph 46 that are inconsistent with 15 U.S.C. § 1692f's text.

47.    Defendant engaged in an unfair or unconscionable means to collect a debt, in violation of 15 U.S.C. §1692f, when it failed to deliver the bedframe which accompanied the mattress, accepted cancelation of the order, took the mattress back, and still charged Plaintiff for the mattress.

**ANSWER:**    TRP denies the allegations in Paragraph 47 and specifically denies it took the mattress back.

48.    On information and belief, TRPA regularly fails to complete delivery, accepts cancellation of orders, and then charges consumers for the items.

**ANSWER:**    TRP denies the allegations in Paragraph 48.

49.    TRPA bears the burden of monitoring the activities of those it enlists to collect debts on its behalf, including Rozlin. *Janetos v. Fulton Friedman & Gullace, LLP,* No. 15-1859, 2016 WL 1382174, at *7 (7th Cir. 2016).

**ANSWER:**    Paragraph 49 contains legal conclusions for which no answer is required. To the extent an answer is required, TRP denies the allegations and that the facts and law in *Janetos*

13

*v. Fulton Friedman & Gullace LLP*, No. 15-1859, 2016 WL 1382174 at *7 (7th Cir. 2016) apply to this matter.

50.     Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. *See, Gammon v. GC Services, Ltd. Partnership,* 27 F.3d 1254, 1257 (7th Cir. 1994).

**ANSWER:**     Paragraph 50 contains legal conclusions for which no answer is required. To the extent an answer is required, TRP denies the allegations and that the facts and law in *Gammon v. GC Services, Ltd., Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994) apply to this matter.

51.     The sale of furniture, and delivery services provided are activities of trade and commerce as those terms are defined in the Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 et seq ("ICFA").

**ANSWER:**     Paragraph 51 contains legal conclusions for which no answer is required. To the extent an answer is required, TRP states that the allegations in Paragraph 51 purport to quote, characterize, and/or reference portions of 815 ILCS 505/1 *et seq*.  TRP states that 815 ILCS 505/1 et seq's provisions speak for themselves and are the best evidence of their contents.  TRP denies all allegations in Paragraph 51 that are inconsistent with 815 ILCS 505/1 *et seq*.

52.     Thus, TRPA engaged in trade and commerce in the State of Illinois by advertising, offering for sale, selling and providing furniture and related delivery services to consumers.

**ANSWER:**     Paragraph 52 contains legal conclusions for which no answer is required. To the extent an answer is required, TRP denies the allegations to the extent Plaintiff is claiming that TRP violated the Illinois Consumer Fraud and Deceptive Business Practices Act.

14

53.    The ICFA defines "consumer" as "any person who purchases or contracts for the purchase of merchandise not for resale in the ordinary course of his trade or business but for his use or that of a member of his household." 815 ILCS 505/1(e).

**ANSWER:**    Paragraph 53 contains legal conclusions for which no answer is required. To the extent an answer is required, TRP states that the allegations in Paragraph 53 purport to quote, characterize, and/or reference portions of 815 ILCS 505/1(e).  TRP states that 815 ILCS 505/1(e)'s provisions speak for themselves and are the best evidence of their contents.  TRP denies all allegations in Paragraph 53 that are inconsistent with 815 ILCS 505/1(e).

54.    Plaintiff is a "consumer" as that term is defined in the ICFA because Plaintiff contracted with Defendant TRPA to deliver furniture for personal purposes.

**ANSWER:**    Paragraph 54 contains legal conclusions for which no answer is required. To the extent an answer is required, TRP lacks sufficient knowledge or information to form a belief regarding the truth or falsity of the allegations in Paragraph 54 and, therefore, denies the allegations.

55.    Section 2 of the ICFA prohibits unfair or deceptive practices and states, in relevant part, as follows:

> **Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, misrepresentation or the concealment, suppression or omission of such material fact, or the use or employment of any practice described in section 2 of the "Uniform Deceptive Trade Practices Act", approved August 5, 1965, in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby**.

815 ILCS 505/2.

**ANSWER:**    TRP states that the allegations in Paragraph 55 purport to quote, characterize, and/or reference portions of 815 ILCS 505/2.  TRP states that 815 ILCS 505/2's

provisions speak for themselves and are the best evidence of their contents. TRP denies all allegations in Paragraph 55 that are inconsistent with 815 ILCS 505/2.

56.     TRPA engaged in an unfair practice in violation of 815 ILCS § 505/2, by selling furniture, failing to deliver the furniture sold, taking possession of the furniture upon cancelation of the order, and attempting to collect on the same furniture.

**ANSWER:**     TRP denies the allegations in Paragraph 56.

57.     Rozlin, at TRPA's direction, furnished information about the false debt to the Credit Reporting Agencies, including the false statements that Plaintiff owed the debt and the debt was past due.

**ANSWER:**     TRP denies the allegations in Paragraph 57.

58.     Plaintiff was damaged by the time, stress, and aggravation of having to deal with TRPA and Rozlin.

**ANSWER:**     TRP denies the allegations in Paragraph 58.

59.     Plaintiff was also damaged in economic terms by the negative credit reporting from TRPA and Rozlin. A negative report materially lowers individual's credit scores and increases the cost of borrowing and leads to other ascertainable and definite economic damages.

**ANSWER:**     TRP denies the allegations in Paragraph 59.

**CLASS ALLEGATIONS**

60.     Plaintiff brings this action individually and as a class on behalf of three classes. (the "Classes"):

FDCPA Envelope Class

Plaintiff brings this action individually and on behalf of (1) all persons in the State of Illinois (2) from whom Defendant Rozlin attempted to collect a TRPA debt (3) using a letter substantially similar to that which is attached as Exhibit A (4) sent between one year prior to the filing of this Complaint through the date of class certification.

16

FDCPA False Debt Class

Plaintiff brings this action individually and on behalf of (1) all persons in the State of Illinois (2) from whom Defendant Rozlin attempted to collect a TRPA debt (3) where the alleged debt was for items that were returned unused (4) sent between one year prior to the filing of this Complaint through the date of class certification.

ICFA Class

Plaintiff brings this action individually and on behalf of (1) all persons in the State of Illinois (2) from whom Defendant TRPA sold furniture to (3) and failed to deliver the furniture sold, (4) and then attempted to collect the money for the furniture (5) within three years prior to the filing of this class action complaint through the date of class certification.

**ANSWER:**  TRP admits that Plaintiff's claims are brought individually and that Plaintiff seeks to bring the claims as a class on behalf of the classes stated.  TRP denies that it violated the FDCPA and ICFA and, accordingly, denies that Plaintiff, individually and as a class, is entitled to any relief whatsoever.

61.  Plaintiff may alter the Class definitions to conform to developments in the case and discovery.

**ANSWER:**  Paragraph 61 contains legal conclusions for which no answer is required. To the extent an answer is required, TRP denies the allegations in Paragraph 61.

62.  The proposed classes meet all requirements under 735 ILCS 5/2-801.

**ANSWER:**  Paragraph 62 contains legal conclusions for which no answer is required. To the extent an answer is required, TRP denies the allegations in Paragraph 62.

63.  **Numerosity:** Upon information and belief, the Classes are so numerous that joinder of all individual plaintiffs would be impracticable. The exact number of members of the Classes are presently unknown and can only be ascertained through discovery because that information is exclusively in the possession of Defendant. However, it is reasonable to infer that more than 40 Illinois consumers received a letter materially identical to Exhibit A hereto given that it is a form

letter. It is also reasonable to infer based upon the size of TRPA's retail footprint and online presence that more than 40 Illinois consumers fall under the ICFA class. Members of the Classes can be easily identified through Defendants' records. Classes members may be notified of the pendency of this action by recognized, Court-approved notice dissemination methods, which may include U.S. mail, electronic mail, Internet postings, and/or published notice.

**ANSWER:** TRP denies the allegations in Paragraph 63.

64. **Commonality and Predominance:** Plaintiffs claims are typical of the claims of the Classes. Common questions of law or fact raised by this class action complaint affect all members of the Classes and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Classes.

**ANSWER:** TRP denies the allegations in Paragraph 64.

65. **Adequacy of Representation:** Plaintiff is an adequate representative of the Classes because his interests do not conflict with the interests of the members of the Classes he seeks to represent, and he intends to prosecute this action vigorously. Plaintiff has retained counsel competent and experienced in class action litigation. The interests of the Classes will be fairly and adequately protected by Plaintiff and his counsel and Plaintiff's claim is typical of the claims of the Classes members.

**ANSWER:** TRP denies the allegations in Paragraph 65.

66. **Superiority:** A class action in this case would be superior to any other available means for the fair and efficient adjudication of this controversy, and no unusual difficulties are likely to be encountered in the management of this class action. The damages or other financial detriment suffered by Plaintiff and members of the Classes are relatively small compared to the burden and expense that would be required to individually litigate their claims against Defendants,

so it would be impracticable for members of the Classes to individually seek redress for Defendants' wrongful conduct. Individualized litigation creates a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and the judicial system. By contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

> **ANSWER:** TRP denies the allegations in Paragraph 66.

### COUNT I – FDCPA § 1692c(b) – Rozlin Only

67. Rozlin violated §1692c(b) of the FDCPA by communicating with its mass-mailer information about the debt in connection with the collection of that debt.

> A. WHEREFORE, Plaintiff asks for an award in his favor and against Defendants as follows:
>
> B. Certification of the proposed Class;
>
> C. Designation of Plaintiff as representative of the proposed Class and designation of Plaintiff's counsel as Class counsel;
>
> D. Statutory damages pursuant to 15 U.S.C. § 1692(a)(2);
>
> E. Attorney's fees, litigation expenses and costs of suit pursuant to 15 U.S.C § 1692k(a)(3); and
>
> F. Such other or further relief as the Court deems proper.

**ANSWER:** Paragraph 67 is not directed to TRP and, therefore, no answer is required. To the extent an answer is required, TRP denies that Plaintiff is entitled to the relief requested in Paragraph 67.

**FURTHER ANSWERING**, Defendant TRP Acquisition, Inc. denies that Plaintiff is entitled to any relief whatsoever and respectfully requests that this Court find in its favor, dismiss Count I, award TRP its attorneys' fees and costs, and grant such further relief as is appropriate.

## **COUNT II – FDCPA § 1692e(2)(A) – Rozlin Only**

68.     Defendants misrepresented the legal status of a debt, in violation of 15 U.S.C. §1692e(2)(A), when they attempted to collect a debt from Plaintiff for a mattress which they took possession of and which was canceled.

**ANSWER:**     Paragraph 68 is not directed to TRP and, therefore, no answer is required. To the extent an answer is required, TRP denies the allegations in Paragraph 68.

69.     Defendant engaged in an unfair or unconscionable means to collect a debt, in violation of 15 U.S.C. §1692f, when it failed to deliver the bedframe which accompanied the mattress, accepted cancelation of the order, took the mattress back, and still charged Plaintiff for the mattress.

**ANSWER:**     Paragraph 69 is not direct to TRP and, therefore, no answer is required. To the extent an answer is required, TRP admits that it charged Plaintiff for the non-returnable mattress and denies the remaining allegations in Paragraph 69.

70.     WHEREFORE, Plaintiff asks for an award in his favor and against Defendants as follows:

> A.  Certification of the proposed Class;
>
> B.  Designation of Plaintiff as representative of the proposed Class and designation of Plaintiff's counsel as Class counsel;
>
> C.  Statutory damages pursuant to 15 U.S.C. § 1692(a)(2);
>
> D.  Attorney's fees, litigation expenses and costs of suit pursuant to 15 U.S.C § 1692k(a)(3); and
>
> E.  Such other or further relief as the Court deems proper.

**ANSWER:**     Paragraph 70 is not directed to TRP and, therefore, no answer is required. To the extent an answer is required, TRP denies that Plaintiff is entitled to the relief requested in Paragraph 70.

**FURTHER ANSWERING**, Defendant TRP Acquisition, Inc. denies that Plaintiff is entitled to any relief whatsoever and respectfully requests that this Court find in its favor, dismiss Count II, award TRP its attorneys' fees and costs, and grant such further relief as is appropriate.

## COUNT III—FDCPA § 1692f—Rozlin Only

71.     Defendant engaged in an unfair or unconscionable means to collect a debt, in violation of 15 U.S.C. §1692f, when it failed to deliver the bedframe which accompanied the mattress, accepted cancelation of the order, took the mattress back, and still charged Plaintiff for the mattress.

**ANSWER:**     Paragraph 71 is not directed to TRP and, therefore, no answer is required. To the extent an answer is required, TRP admits that it charged Plaintiff for the non-returnable mattress and denies the remaining allegations in Paragraph 71.

72.     WHEREFORE, Plaintiff asks for an award in his favor and against Defendants as follows:

> F.  Certification of the proposed Class;
>
> G.  Designation of Plaintiff as representative of the proposed Class and designation of Plaintiff's counsel as Class counsel;
>
> H.  Statutory damages pursuant to 15 U.S.C. § 1692(a)(2);
>
> I.  Attorney's fees, litigation expenses and costs of suit pursuant to 15 U.S.C § 1692k(a)(3); and
>
> J.  Such other or further relief as the Court deems proper.

**ANSWER:**     Paragraph 72 is not directed to TRP and, therefore, no answer is required. To the extent an answer is required, TRP denies that Plaintiff is entitled to the relief requested in Paragraph 72.

21

**FURTHER ANSWERING**, Defendant TRP Acquisition, Inc. denies that Plaintiff is entitled to any relief whatsoever and respectfully requests that this Court find in its favor, dismiss Count III, award TRP its attorneys' fees and costs, and grant such further relief as is appropriate.

## COUNT IV—ICFA--ALL DEFENDANTS

73.     Defendants engaged in an unfair practice in violation of 815 ILCS § 505/2, by selling furniture, failing to deliver the furniture sold, taking possession of the furniture upon cancelation of the order, and attempting to collect on the same furniture.

**ANSWER:**     TRP denies the allegations in Paragraph 73.

74.     Plaintiff was damaged by the time, stress, and aggravation of dealing with the unlawful debt collection.

**ANSWER:**     TRP denies the allegations in Paragraph 74.

75.     Plaintiff was damaged in economic and monetary terms by having his credit scored lowered by the false and inaccurate credit reporting done by and on behalf of Defendants.

**ANSWER:**     TRP denies the allegations in Paragraph 75.

76.     WHEREFORE, Plaintiff asks for an award in his favor and against Defendants as follows:

> A.  Certification of the proposed Class;
>
> B.  Designation of Plaintiff as representative of the proposed Class and designation of Plaintiff's counsel as Class counsel;
>
> C.  Actual Damages;
>
> D.  Punitive Damages, and;
>
> E.  Such other or further relief as the Court deems proper.

**ANSWER:**     TRP denies that Plaintiff is entitled to the relief requested in Paragraph 76.

**FURTHER ANSWERING**, Defendant TRP Acquisition, Inc. denies that Plaintiff is entitled to any relief whatsoever and respectfully requests that this Court find in its favor, dismiss Count IV, award TRP its attorneys' fees and costs, and grant such further relief as is appropriate.

## AFFIRMATIVE DEFENSES

1.      The Complaint fails to state a claim upon which relief may be granted.

2.      Plaintiff has failed to mitigate his damages.

3.      Should Plaintiff be awarded any damages against TRP, TRP is entitled to a setoff for the amount owed by Plaintiff to TRP under the Account.

## COUNTERCLAIM

Counter-plaintiff The RoomPlace Furniture and Mattress LLC for its Counterclaim against Counter-defendant Masiel Rodriguez states and alleges as follows:

## NATURE OF THE ACTION

This is an action to enforce the amount owed by Masiel Rodriguez to The RoomPlace Furniture and Mattress LLC on a credit sales contract for furniture.

## PARTIES

1.      The RoomPlace Furniture and Mattress LLC ("TRP") is an Illinois limited liability company with its principal place of business in Lombard, Illinois.

2.      Masiel Rodriguez ("Rodriguez") is, upon information and belief, a resident of Illinois.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over this action under 28 U.S.C. § 1331 because this Court has original federal question jurisdiction over Plaintiff's FDCPA claims.

4.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) because the defendant is located in this judicial district and conducts business in this district.

23

29928935.2

**FACTS**

5.      On or about June 3, 2020, Rodriguez entered into a sales agreement, a copy of which is attached hereto as <u>Exhibit A</u>, in the amount of $2,288.91 with TRP for the purchase of bedroom furniture consisting of a king mattress, king hyper mattress pad, dormia king lopro foundation, danada dresser, danada mirror, danada chest, and danada nightstand (the "Furniture") on credit.

6.      Rodriguez also ordered a bedframe consisting of a headboard and footboard (the "Bedframe") and bed rails, but was not charged on June 3, 2020 for the Bedframe because the items were out of stock and delivery would be delayed.

7.      On or about June 5, 2020, TRP caused the delivery of the Furniture to Rodriguez.

8.      In or about September 2020, Rodriguez sought to return the Furniture because the Bedframe was not yet available and had not been delivered.   TRP informed Rodriguez that the king mattress, king hyper mattress pad, and dormia king lopro foundation were not returnable.

9.      On or about October 2, 2020, TRP caused the danada dresser, danada mirror, danada chest, and danada nightstand to be picked up from Rodriguez and provided Rodriguez a credit on the total amount due in the amount of $836.45 for those items.  A copy of the return order is attached hereto as <u>Exhibit B</u>.

10.      Because they were non-returnable, TRP did not pick up the king mattress, king hyper mattress pad, dormia king lopro foundation, which remained in Rodriguez's possession (the "Kept Items").

11.      Despite demands to pay TRP the amount due for the Kept Items, Rodriguez has not paid TRP for the Kept Items.

12.      Under the sales contract, Rodriguez owes TRP $1,452.46 for the Kept Items.

13.    Rodriguez is in default under the sales contract for failing to pay TRP $1,452.46 for the Kept Items.

FOR RELIEF, Counter-plaintiff The RoomPlace Furniture and Mattress LLC respectfully requests the Court to enter judgment in its favor and against Counter-defendant Masiel Rodriguez in the amount of $1,452.46 plus costs and for such other and further relief that the Court deems just and equitable.

TRP ACQUISITION, INC.,

By:    /s/  Emily L. Peel_____
One of its Attorneys

Emily L. Peel (ARDC #6290433)
Ann Addis Pantoga (ARDC #6243624)
Caroline Pritikin (ARDC #6312215)
Thompson Coburn LLP
55 E. Monroe Street, 37th Floor
Chicago, Illinois 60603
(312) 346-7500
epeel@thompsoncoburn.com
apantoga@thompsoncoburn.com
cpritikin@thompsoncoburn.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on **June 12, 2023**, I electronically filed this **Defendants TRP Acquisition, Inc.'s Amended Answer, Affirmative Defenses and Counterclaim to Class Action Complaint** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all attorneys of record in this action as indicated below:

Michael W. Drew
Neighborhood Legal, LLC
20 N. Clark, Ste. 3300
Chicago, Illinois 60602
mwd@neighborhood-legal.com

Stephanie A. Stickler
Luke Chamberlain
Nicole Marie Strickler
Messer Strickler Burnette, Ltd.
142 W. Station Street
Barrington, Illinois 60010
sstrickler@messerstrickler.com
lchamberlain@messerstrickler.com
nstrickler@messerstrickler.com

/s/  Emily L. Peel
One of its Attorneys

26