IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Masiel Rodriguez, | |
| Plaintiff, | Case No. 23 C 927 |
| v. | Judge Jorge L. Alonso |
| TRP Acquisition, Inc., *et al.*, | |
| Defendants. | |

## Memorandum Opinion and Order

Plaintiff has filed a motion for partial remand of its complaint brought under the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, and the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"), 815 ILCS § 505/1, *et seq.* Plaintiff requests that all but one of his claims be remanded to Illinois state court for lack of subject-matter jurisdiction. However, the Court finds that it lacks subject-matter jurisdiction for all of Plaintiff's claims and thus remands the entire case to state court.

## Background

On January 12, 2023, Plaintiff Masiel Rodriguez filed a class-action complaint against Defendants TRP Acquisition, Inc. ("TRP") and Rozlin Financial Group, Inc. ("Rozlin") in the Circuit Court of Cook County, Illinois. (Compl., ECF No. 1-1.) He alleges that he purchased a bedroom furniture set from TRP and took on a debt to TRP to do so. (*Id.* ¶ 21.) Plaintiff received a mattress but not all items from the furniture set and so cancelled the order. (*Id.* ¶¶ 22–23.) TRP accepted Plaintiff's cancellation and picked up the items that had been delivered, but then sent Plaintiff's account to collections notwithstanding the cancellation. (*Id.* ¶¶ 24–25.)

TRP contracted with Rozlin to collect on Plaintiff's account, and on June 14, 2022, Rozlin sent Plaintiff a collection letter. (*Id.* ¶¶ 26–27.) That letter appeared to have been sent by a third-party letter vendor, indicating that Rozlin had provided a letter vendor with Plaintiff's name and address and details regarding Plaintiff's account and debtor status without his consent. (*Id.* ¶¶ 28–33.) In Count I of his complaint, Plaintiff claims this invaded his privacy and violates 15 U.S.C. § 1692c(b), an FCDPA provision that prohibits debt collectors from communicating with third parties except in certain cases. (*Id.* ¶¶ 34–38, 67.) Plaintiff requests statutory damages and does not request other damages. (*Id.* ¶ 67.)

The collection letter Plaintiff received also stated that Plaintiff owed $1,452 for the mattress he had received and returned. (*Id.* ¶ 39.) Plaintiff called TRP and explained that he had not used the mattress and had cancelled his order, but TRP responded that its mattresses are not returnable. (*Id.* ¶¶ 40–41.) In Count II of his complaint, Plaintiff claims that Rozlin thus misrepresented Plaintiff's debt in violation of 15 U.S.C. § 1692e(2)(A) of the FDCPA by attempting to collect a debt for the mattress after Plaintiff cancelled his order and TRP took possession of the mattress. (*Id.* ¶¶ 42–45, 68–69.) In Count III, Plaintiff claims that Rozlin's conduct also constituted an unfair or unconscionable means to collect a debt under 15 U.S.C. § 1692f of the FDCPA, based on Defendants' failure to deliver all ordered items, acceptance of cancellation of the order, repossession of the mattress, and collection efforts for the cancelled and repossessed mattress. (*Id.* ¶¶ 46–48, 71.) In Counts II and III, Plaintiff requests statutory damages but no other damages. (*Id.* ¶¶ 70, 72.)

For Count IV of his complaint, Plaintiff claims that Defendants separately engaged in unfair or deceptive practices under the ICFA. (*Id.* ¶¶ 49–56.) He alleges that Rozlin, at TRP's direction, gave information about Plaintiff's false debt to credit reporting agencies, which

economically damaged Plaintiff by lowering his credit score, in addition to the overall time, stress, and aggravation Plaintiff suffered from having to deal with Defendants. (*Id.* ¶¶ 57–59, 73–74.) Plaintiff's Count IV thus requests actual and punitive damages. (*Id.* ¶ 76.)

On February 15, 2023, Defendant Rozlin filed a notice of removal to this Court with TRP's consent. (ECF No. 1.) Plaintiff has moved to remand his ICFA claim (Count IV) and two of his three FDCPA claims (Counts I and II, but not Count III) back to state court. (ECF No. 25.)

## Discussion

The parties agree Plaintiff has Article III standing for one of his FDCPA claims (Count III) and lacks standing for another (Count I), but dispute whether he has standing for Count II and whether the Court should exercise supplemental jurisdiction over his ICFA claim (Count IV). The Court concludes that Plaintiff lacks standing for each of his FDCPA counts and thus remands this case to state court.

"Subject matter jurisdiction defines the court's authority to hear a given type of case; it represents the extent to which a court can rule on the conduct of persons or the status of things." *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009) (cleaned up). "Standing is an element of subject-matter jurisdiction in a federal civil action" and requires a showing that the plaintiff "has (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Moore v. Wells Fargo Bank, N.A.*, 908 F.3d 1050, 1057 (7th Cir. 2018) (internal quotation marks and citation omitted). Under the standing inquiry, "[w]hether a plaintiff's injury in fact is 'fairly traceable' to a defendant's challenged conduct hinges on the existence of a causal connection between the two. *Aguirre v. Absolute Resolutions Corp.*, No. 15 C 11111, 2017 WL 4280957, at *6 (N.D. Ill. Sept. 27, 2017) (citing *Six Star Holdings, LLC v. City of Milwaukee*, 821 F.3d 795,

803 (7th Cir. 2016). As the party invoking this Court's subject-matter jurisdiction via removal, Defendants bear the burden of establishing standing. *See Fox v. Dakkota Integrated Sys., LLC*, 980 F.3d 1146, 1151 (7th Cir. 2020).

Notwithstanding Plaintiff's failure to challenge standing and subject-matter jurisdiction for all FDCPA counts, "[f]ederal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press." *Bazile v. Fin. Sys. of Green Bay, Inc.*, 983 F.3d 274, 281 (7th Cir. 2020) (internal quotation marks and citation omitted); *see also Santos-Zacaria v. Garland*, 598 U.S. 411, 416 (2023) ("[C]ourts must enforce jurisdictional rules *sua sponte*, even in the face of a litigant's forfeiture or waiver."); *Eclipse Mfg. Co. v. M & M Rental Ctr., Inc.*, 521 F. Supp. 2d 739, 742 (N.D. Ill. 2007) ("Because standing is a jurisdictional requirement, a district court may dismiss a case *sua sponte* if it determines that a plaintiff lacks standing." (citation omitted)). The Court thus evaluates Plaintiff's standing for each of his FDCPA claims. Because Plaintiff's case arrived at this Court via removal, the Court must remand the case if it lacks subject-matter jurisdiction. *See* 28 U.S.C. § 1447(c).

Plaintiff's complaint does not allege any concrete injury tied to any of his FDCPA claims. The only injury Defendants point to for standing is economic damage related to the negative credit reporting from Defendants to credit reporting agencies, which they say lowers Plaintiff's credit score.[1] Though Plaintiff alleges this injury in the context of his ICFA claim, he does not do so in the context of his FDCPA claims, nor could he. Plaintiff's FDCPA claims are based not on

---

[1] As Defendants acknowledge, Plaintiff's stress and aggravation in dealing with Defendants' conduct does not support standing. *See Markakos v. Medicredit, Inc.*, 997 F.3d 778, 781 (7th Cir. 2021) (stating that "such grievances" of confusion and aggravation "are not injuries in fact in this context").

4

credit reporting but entirely on Defendants' conduct at earlier points in the transaction and debt collection timeline—failing to deliver all ordered furniture, allowing Plaintiff to cancel the order and taking back the mattress, but then still charging Plaintiff for the mattress and attempting to collect a false debt from him for the mattress, including by sending protected information about Plaintiff to a third-party letter vendor. Defendants' later conduct of sending information about Plaintiff's false debt to credit reporting agencies is unrelated to the conduct at the heart of the FDCPA claims—it instead relates only to the credit reporting at the heart of the ICFA claim. Accordingly, Plaintiff's FDCPA claims request only statutory damages, not actual damages tied to Plaintiff's compromised credit status with credit reporting agencies. Plaintiff claims actual damages only for his ICFA claim, which uniquely alleges "Plaintiff was damaged in economic and monetary terms by having his credit score[] lowered by the false and inaccurate credit reporting done by and on behalf of Defendants" and requests both actual and punitive damages as a result. (Compl. ¶¶ 75–76.) Because Defendants point solely to an alleged injury tied to Plaintiff's ICFA claims, not his FDCPA claims, they have failed to show a "causal connection between the injury and the conduct complained of" in those claims to establish standing. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). Plaintiff's alleged credit-related injury thus is unrelated to his FDCPA claims and cannot support standing for those claims. *See Rifkin v. Bear Stearns & Co.*, 248 F.3d 628, 634 (7th Cir. 2001) ("The plaintiffs must establish the district court's jurisdiction over each of their claims independently; they are not permitted to use one count of their complaint to establish federal subject matter jurisdiction and a separate count to establish standing."). The Court therefore lacks subject-matter jurisdiction over Plaintiff's FDCPA claims and must remand those claims to state court. *See* 28 U.S.C. § 1447(c).

5

Without Plaintiff's FDCPA claims, the Court lacks original jurisdiction over any part of this case and so will remand Plaintiff's ICFA claim too, which the Court has no reason to keep. *See* 28 U.S.C. § 1367; *Cadleway Props., Inc. v. Ossian State Bank*, 478 F.3d 767, 769–70 (7th Cir. 2007) ("When the federal claim drops out before trial . . . and only the supplemental jurisdiction provides any basis for decision, then remand is presumptively appropriate."). The Court therefore remands this case in its entirety to state court.

## Conclusion

The Court grants in part and denies in part Plaintiff's motion for partial remand (ECF No. 25) and remands this case in its entirety. The Court directs the Clerk of the Court to remand this case to the Circuit Court of Cook County. Civil case terminated.

**SO ORDERED.**                                        ENTERED: January 26, 2024

_____
**HON. JORGE ALONSO**
**United States District Judge**

6